RUPERTO SANCHEZ V. STATE.

No. 25,830. April 23, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) October 8, 1952.

Hon. A. N. McWhorter, Judge Presiding.

*F. G. Garza*, Edinburg, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for robbery by assault with a sentence of 18 years in the penitentiary.

The appellant is a citizen of Mexico who had entered the United States without authority and had been working on a farm for something like a year prior to the offense charged against him. He had a wife in Mexico, from whom he was separated, and was living with a woman of Mexican extraction. She had accompanied him to a beer joint where they were drinking when the injured party entered. He too had been drinking dur-

ing the day and was quite liberal with his money, which he displayed unwisely in the presence of appellant and others. The evidence of the things that took place is quite unusual in that there is but little conflict on material matters.

It is the state's theory that after the injured party had visited with appellant and his woman for some time they asked him to take them to her home, which he obligingly agreed to do. It is immaterial whether he was solicited or volunteered, the parties got into the car, left the place and got off of the direct route to the ranch home where the woman lived and came to a deadend of a road. In attempting to turn around the rear wheels of his car got into a ditch and they were unable to move out of it. The injured party got his jack and was fixing to place it to lift the car when, according to the state's evidence, appellant struck him with the jack and robbed him of his money and several other articles in his pockets. This was testified to in detail by the woman, who sought to clear herself of any part in the robbery. Appellant admitted striking him, but denied the robbery. He said that he got mad and struck him because the injured party had made indecent proposals to his woman.

The appellant and the woman fled fom the scene and were arrested together a short time thereafter in a taxicab. They were taken to the city hall and questioned by the officers. The woman delivered to the officers an empty purse taken in the robbery, together with some other articles. The appellant had an amount of money approximately the same as that which the injured party testified was taken from him. He made a statement to the officers at the time, orally, while he was under arrest, and took them to the scene at which he had disposed of the keys belonging to his victim, together with some other articles, all of which were recovered. Within a day or two thereafter appellant signed a written confession, the voluntary nature of which is not questioned. He testified in his own behalf and claimed that he did not know a certain statement was in the instrument which he signed. He did not deny the main portions, though, when cross-examined by the district attorney. The matters were submitted to the jury under a satisfactory charge and, while no written brief has been filed in the case, very able oral argument was made in behalf of his bills of exception Nos. 1 and 2, which include all of the grounds upon which a reversal is asked.

Bill of Exception No. 1 complains of the oral statements made to the officers soon after his arrest. These statements led

to the finding of some of the articles involved in the commission of the crime. Following the making of the statement he led the officers to the place he had thrown these things in the weeds. They were found and identified by the prosecuting witness.

The bills of exception are quite lengthy. They are in question and answer form without a certificate of the trial judge that it is necessary to have the statements in that expanded form. The question has been raised about the validity of these bills of exception. The provision of the statute requiring such certificate is found in Section 3 of Article 760, Vernon's Ann. C.C.P. This article was specifically repealed by Acts of the 52nd Legislature, Chapter 465, page 819. The requirement formerly adhered to is no longer in existence and the more cumbersome bill of exception will be considered, even though found in that form without the certificate of the trial judge.

Bill of Exception No. 2 contains many objections and exceptions taken during the examination of the former assistant district attorney who prepared the written confession for appellant's signature. We confess our inability to determine which complaint is relied upon. The bill is otherwise without merit.

We find no reversible error and the judgment of the trial court is affirmed.